ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB 10 AM 8:01

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MELVIN DAVID LEWIS,          )
                             )
        Plaintiff,           )
                             )
v.                           )    CV 304-96
                             )
DON JARRIEL,                 )
                             )
        Defendant.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, filed a complaint under Title 42, United States Code, Section 1983. Defendant has filed a motion for summary judgment. Plaintiff responded in opposition to the motion. For the reasons that follow, the Court recommends that the summary judgment motion be **GRANTED** and that judgment be **ENTERED** in favor of defendant.

## I. FACTS

Plaintiff arrived at Dodge State Prison ("DSP") on April 1, 2004. Fifteen days later, he filed a grievance with prison officials alleging exposure to environmental tobacco smoke ("ETS"). Defendant responded to the grievance by informing plaintiff that, under DSP policy, smoking is prohibited in all prison buildings. Defendant advised plaintiff that if he

sees a fellow inmate smoking, he should report the inmate's behavior immediately. Def. Ex. A ¶ 8.[1]

On May 3, 2004, plaintiff requested and received a meeting with a deputy warden at DSP. At the meeting, plaintiff again complained of his exposure to ETS in prison dormitories and suggested a "no-smoking" dormitory. The deputy warden replied that smoking was not allowed in any dormitory. After the meeting, the deputy warden learned that plaintiff had refused a work detail, and he issued a disciplinary report for plaintiff's refusal to work. Def. Ex. B ¶ 9.

The deputy warden again spoke to plaintiff regarding his grievance on June 21, 2004. Plaintiff told the deputy warden that prison staff members sometimes would light cigarettes for inmates and allow smoking in the dormitories. The deputy warden responded by re-issuing a memorandum regarding prison rules against smoking to the inmate population and encouraged plaintiff to report violations of the policy. Def. Ex. B. ¶ 10.

Defendant, the warden at DSP, spoke to plaintiff on October 14, 2004, about his complaints of ETS exposure. He reiterated the prison's smoking policy and encouraged plaintiff to report smoking infractions. Def. Ex. A ¶ 17.

Plaintiff filed the instant Section 1983 complaint on September 27, 2004. Doc. 2. He alleges that defendant allowed him to be exposed to excessive levels of ETS, and that in doing so defendant acted with deliberate indifference to his future health. According to plaintiff, he has been deliberately assigned to rooms with inmates who smoke cigarettes.

---

[1]According to plaintiff, reporting such behavior would risk retaliation from fellow inmates.

Plaintiff further contends that he has suffered from headaches, chest pains, coughs, eye irritations, and other unspecified physical ailments as a result of ETS exposure.[2]

According to Georgia Department of Corrections ("GDC") Standard Operating Procedure ("SOP") IIA09-0001, smoking is prohibited inside buildings at all GDC facilities. Def. Ex. G. At DSP, a GDC facility, inmates caught smoking inside buildings are issued written disciplinary reports. Def. Ex. A ¶ 14. Between January 1, 2004, and March 7, 2005, 158 such disciplinary reports were issued at GDC. Id. Housing assignments at DSP are made under SOP IIC02-004 and do not consider the smoking preferences of individual inmates. Def. Ex. A ¶ 5.

Plaintiff was moved from DSP on November 23, 2004. He currently is housed at Georgia State Prison. Def. Ex. A ¶ 16.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[2] According to defendant, plaintiff was seen by DSP medical personnel on eleven separate occasions, and plaintiff never mentioned exposure to ETS or his headaches, chest pain, coughs, or eye irritations to medical personnel prior to filing his complaint. Def. Ex. 6 at 7-15, 21-24, 32-34. Plaintiff contends that he did report ETS-related ailments to prison medical staff, but he does not submit medical records supporting his contention.

3

Applicable substantive law identifies which facts are material in a given case.[3] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the <u>non-moving</u> party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. <u>Clark</u>, 929 F.2d at 606-08 (explaining <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970) and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. <u>Clark</u>, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. <u>Adickes</u>, 398 U.S. at 157.

---

[3]For purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

If the moving party meets its burden, the non-moving party must then "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. DISCUSSION

Plaintiff claims that defendant's failure to address adequately ETS exposure levels at DSP constituted a deliberate indifference to his future medical needs. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the

5

defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05.

The Eleventh Circuit has addressed a prisoner's Eighth Amendment claim based on exposure to ETS. In Kelley v. Hicks, 400 F.3d 1282 (11th Cir. 2005), the court followed the Supreme Court's decision in another ETS exposure case, Helling v. McKinney, 509 U.S. 25, 31 (1993), and observed that "a prisoner can state a cause of action under the Eighth Amendment for exposure to ETS by 'alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.'" Kelley, 400 F.3d at 1284 (quoting Helling, 509 U.S. at 35).

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component in an ETS case, "the prisoner must show that he himself is being exposed to unreasonably high levels of ETS. Relevant facts will include whether the prisoner remains

6

housed in the environment and whether the facility has enacted a formal smoking policy." Kelley, 400 F.3d at 1284 (citations omitted).[4] The subjective component requires a prisoner to "show that prison authorities demonstrated a 'deliberate indifference' to his plight. The adoption of a smoking policy 'will bear heavily on the inquiry into deliberate indifference.'" Id. (quoting Helling, 509 U.S. at 35).[5]

In this case, regarding the objective component, plaintiff has not presented objective evidence regarding the level of ETS to which he and other inmates were exposed. He only has submitted affidavits from himself and other inmates indicating that some exposure has occurred.[6] More importantly, DSP follows the GSP policy prohibiting smoking inside prison buildings. Disciplinary reports were written on 158 occasions to inmates in a fourteen month period for smoking, which indicates that the policy is being enforced. Plaintiff also no longer remains housed in the environment at DSP that he alleges caused his ETS exposure. For these reasons, plaintiff does not satisfy Kelley's objective component.

---

[4] Regarding the objective component, the Sixth Circuit has further held that exposure to ETS must cause a "serious medical threat, not just discomfort." Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The court observed that "mere exposure to ETS, without more, does not constitute a deprivation of a prisoner's Eighth Amendment rights," and held that ETS exposure must be accompanied by an objectively serious medical condition exacerbated by the exposure. Id.

[5] "Deliberate indifference" has been held to require something more than the imperfect enforcement of a prison's smoking policy. Scott v. District of Columbia, 139 F.3d 940, 944 (D.C. Cir. 1998).

[6] While the lack of any objective evidence of physical symptoms resulting from plaintiff's ETS exposure is not directly relevant to a claim involving potential *future* medical conditions resulting from ETS exposure, plaintiff's failure to report ETS symptoms to medical personnel does lend probative weight to defendant's contention that plaintiff's exposure to ETS was not objectively significant.

Regarding the subjective component of the deliberate indifference standard, plaintiff has not alleged a deliberate indifference to his complaints. Defendant has spoken to plaintiff directly on one occasion about his complaints, and the deputy warden met with plaintiff on two occasions. In response to plaintiff's complaints, prison staff re-issued memoranda on the prison's smoking policy and encouraged plaintiff to report violations. While plaintiff suggests that defendant should address the problem by creating a "smoke free" dormitory, such a measure would seem inappropriate when all the dormitories, according to GSP policy, are smoke free. Plaintiff must allege something more than imperfect enforcement of the smoking policy in order to state a deliberate indifference claim, and he has not done so. Because plaintiff has failed both the objective and subjective components of the deliberate indifference standard, his complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion for summary judgment be **GRANTED**. This civil action should be **CLOSED** and a final judgment should be **ENTERED** in favor of defendant.

SO REPORTED and RECOMMENDED on this ___ day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE